IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**STANFORD KELLY WALSH,**

      Petitioner,

   vs.                                                    Civ. No. 16-1278 RCB/KK

**BARBARA SEIDL SCHREIER,**
**H. BALDERAS, Attorney General**
of the State of New Mexico,

      **Respondents**.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Motions to Amend Habeas Petition (Docs. 13 and 14) and the Motion to Appoint Counsel (Doc. 6) filed by Stanford Kelly Walsh. Walsh filed his 28 U.S.C. § 2254 habeas corpus petition on November 16, 2016. (Doc. 1). In it, he asks the Court to vacate his sentence based on allegations of ineffective assistance of counsel and various due process violations. The Court ordered an answer to the petition pursuant to its screening function under 28 U.S.C. § 1915(e)(2), which was filed on July 7, 2017. (Doc. 15). Having carefully considered the pending motions and applicable law, the Court will deny the requested relief.

### I. Motions to Amend

In the first Motion to Amend (Doc. 13), Walsh provides additional argument and authorities to demonstrate why his state court conviction violates due process. The second Motion to Amend (Doc. 14) simply contains a list of 17 authorities. Since it is not clear what new claims or theories, if any, Walsh seeks to add, Court will construe the Motions to Amend as memoranda of law in support of his habeas petition. This construction is without prejudice to

Walsh exercising his rights under Fed. R. Civ. P. 15. Rule (a)(1)(B) allows a party to amend their pleading once as a matter of course within 21 days after the answer is filed. After that period, a party needs court approval or the opponent's consent to amend the pleading. Rule 15(a)(2).

## II. Motion to Appoint Counsel

There is no constitutional right to counsel in habeas proceedings. *Coronado v. Ward,* 517 F.3d 1212, 1218 (10th Cir. 2008). Unless and until an evidentiary hearing is warranted, "[t]he decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). Factors guiding such discretion include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the petitioner "to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004) (internal citations omitted).

Considering the above factors, the Court is not convinced that counsel should be appointed at this time. The claims are not particularly complex, and it is at least questionable whether Walsh will prevail on the facts alleged. Further, beyond citing his lack of legal knowledge - which is true in most *pro se* cases - Walsh has not demonstrated an inability to prosecute the habeas petition. The Motion to Appoint Counsel will therefore be denied. For the foregoing reasons,

**IT IS ORDERED** that the Motions to Amend (Docs. 13 and 14) are **DENIED** without prejudice, to the extent Walsh seeks to add additional claims or theories. Such motions will be construed as memoranda of law in support of the habeas petition (Doc. 1).

**ORDERED FURTHER** that the Motion to Appoint Counsel (Doc. 6) is **DENIED.**

_____
UNITED STATES MAGISTRATE JUDGE