## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

Stanford Kelly Walsh,

      Petitioner,

v.                                                                                          Civ. No. 16-1278 RB/KK

BARBARA SEIDL SCHREIER, Warden,
And HECTOR H. BALDERAS,
Attorney General for the
State of New Mexico,

      Respondents.

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Stanford Walsh's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) ("Petition"), filed *pro se* on November 21, 2016. Having meticulously reviewed the pleadings and the record before the Court, the Court recommends that Mr. Walsh's Petition be DISMISSED WITH PREJUDICE.

### I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 14, 2012, a jury in the Second Judicial District Court of the State of New Mexico found Mr. Walsh guilty of two counts of aggravated battery against a household member, two counts of battery against a household member, one count of child abuse (1st offense), and three counts of contributing to the delinquency of a minor. (Doc. 15-1 at 1-5.) On August 3, 2012, the state trial court sentenced Mr. Walsh to a total term of imprisonment of eighteen years and five months, less two days, but suspended six years and five months. (*Id.* at 6.) The state trial court issued its judgment and sentence on August 15, 2012. (*Id.* at 1.) The following day, Mr. Walsh's counsel moved to withdraw stating that the attorney/client relationship had deteriorated to the point that she could no longer effectively represent him.

(Doc. 15-1 at 17.) However, Mr. Walsh's counsel had advised him before August 16, 2012, that she would be withdrawing from his case, that he had "30 days from the date that the judg[]ment and sentence is filed with the District Court to file an appeal," and she encouraged him to contact the Appellate Division of the Public Defender's Office and provided their contact information. (*Id.* at 18.) Thus, Mr. Walsh filed a Notice of Appeal in the Second Judicial District Court *pro se* on August 16, 2012. (*Id.* at 19.) He also filed a Notice of Appeal *pro se* in the New Mexico Court of Appeals on August 29, 2012. (*Id.* at 52.) The trial record was prepared on November 28, 2012 (*id.* at 92), but no docketing statement was ever filed in the state Court of Appeals. (*Id.* at 52.) As such, the state Court of Appeals issued an Order to Show Cause, and when Mr. Walsh failed to respond, dismissed the appeal on March 29, 2013. (*Id.* at 52-53.) Mr. Walsh did not file a petition for certiorari with the New Mexico Supreme Court.

On August 14, 2014, two years after judgment was entered in his criminal case, Mr. Walsh filed a "Motion for Habeas Corpus Relief" in the Second Judicial District Court, in which he argued that the trial court erred in allowing his defense counsel to withdraw before filing a notice of appeal and request for appellate counsel. (*Id.* at 36.) The Second Judicial District Court summarily dismissed Mr. Walsh's motion on October 10, 2014, finding that Mr. Walsh was timely notified of his right to appeal and advised to contact the Public Defender's Office and therefore no violation of the constitution or laws of New Mexico or the United States occurred. (*Id.* at 78.) Mr. Walsh did not file a revised petition, and the petition was dismissed pursuant to NMRA 5-802(G)(1). (*Id.* at 92.) Mr. Walsh did not appeal. (*Id.* at 92-93, Doc. 1 at 5.)

In his 2254 Petition, Mr. Walsh has raised three grounds for relief. Specifically, Mr. Walsh claims that: (1) his due process rights were violated under the 14th Amendment of the

United States Constitution, because the police report associated with his criminal case was procedurally invalid, and therefore he was prosecuted with "insufficient evidence" (Doc. 1 at 6-7, 14); (2) the trial court erred in allowing his defense counsel to withdraw before filing a Notice of Appeal and docketing statement, and failing to appoint substitute appellate counsel (*id.* at 7-8, 14); (3) he was subjected to double jeopardy by being charged with: (a) aggravated battery against a household member and battery against a household member for the same acts, and (b) aggravated battery against a household member, aggravated assault against a household member, and battery against a household member for the same acts. (*Id.* at 10-11, 14.) Mr. Walsh admits as to each of his three claims that he did not raise the issue on appeal in state court, and that he did not raise the issues outlined in Claim 1 or 3 in a state habeas petition. (*Id.* at 7, 9, 11.) As to Claim 2, he states that while he did file a petition for habeas corpus relief on the issue, he did not appeal from the summary dismissal because he "was unaware of his right to do so." (*Id.* at 9.)

The Government responds that Mr. Walsh's current 28 U.S.C. § 2254 petition should be dismissed with prejudice because it is time barred pursuant to 28 U.S.C. § 2244(d)(1) and he is not entitled to equitable tolling under 28 U.S.C. § 2244(d)(2), and he failed to exhaust his state court remedies prior to filing pursuant to 28 U.S.C. § 2254(b)(1)(A). (Doc. 15 at 7-12.) Mr. Walsh filed two motions to amend his petition on June 28, 2017, and July 6, 2017, respectively. (Docs. 13, 14.) The undersigned denied his motions to amend, because Mr. Walsh does not assert any new claims or theories in his motions to amend. (Doc. 16 at 1-2.) Mr. Walsh also requested the Court to appoint counsel to represent him in this proceeding; however, his request was denied because there is no constitutional right to counsel in a habeas proceeding, and a court has discretion not to appoint counsel when, as the undersigned determined, the merits of

the petitioner's claims are questionable. (Doc. 16 at 2.) Mr. Walsh did not file a reply brief after the Government filed its answer on July 7, 2017, and this matter is now before the Court for recommended disposition. D.N.M. LR-Civ. 7.1(b).

III.    ANALYSIS

A.  MR. WALSH'S MOTION IS UNTIMELY

28 U.S.C. § 2244(d) imposes a one-year limitation period for state prisoners to file a 28 U.S.C. § 2254 petition. The limitation period begins to run, in relevant part, from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A)).  Final judgment was entered in Mr. Walsh's criminal case on August 15, 2012. (Doc. 15-1 at 92.)  The New Mexico Court of Appeals dismissed Mr. Walsh's appeal on March 29, 2013.  (*Id.* at 53.)  Mr. Walsh did not petition for a writ of certiorari and his judgment thus became final for purposes of § 2244(d) on April 29, 2013.  *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (finding that a petitioner's "judgment bec[o]me[s] final when his time for seeking review with the State's highest court expire[s]."); *and* NMRA, Rule 12-502(B) (providing that a petition for writ of certiorari must be filed within 30 days after final action by the Court of Appeals).  Although Mr. Walsh eventually filed a state habeas petition on August 14, 2014, that petition did not toll the one-year limitation period for filing a § 2254 petition, which limitation period expired on April 29, 2014.

The present § 2254 petition was filed on November 21, 2016, nearly two and a half years after the limitation period expired and four years after judgment was entered in the criminal case. Furthermore, Mr. Walsh did not initiate state post-conviction proceedings until August 14, 2014,[1] four months after the one-year limitation period had expired. Although the one-year

---

[1] Mr. Walsh claims that he submitted his habeas petition to the state court on December 9, 2013, but the record does not support this claim. (Doc. 1 at 3; Doc. 15-1 at 40, 87-93.)  The undersigned notes that Mr. Walsh previously

limitation period may be tolled during the pendency of state post-conviction proceedings pursuant to § 2244(d)(2), a state petition filed *after* the expiration of the one-year limitation period does not toll the limitations period. *See Gunderson v. Abbott*, 172 F. App'x 806, 809 (10th Cir. 2006) (unpublished); *Alvarado v. Smith*, No. 17-CV-00266-RJ-GJF, 2017 WL 3267747, at *2 (D.N.M. July 31, 2017) ("Although Petitioner submitted a state habeas petition after the expiration of the one-year limitation period, Petitioner's state habeas petition does not toll the limitation period."). Therefore, Petitioner's § 2254 petition is untimely unless the doctrine of equitable tolling applies.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is appropriate only in "rare and exceptional circumstances," *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000), and "the petitioner bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence," *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). Such extraordinary circumstances may arise when, for example, "a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted).

---

attempted to send a motion to file a docketing statement relating to his appeal to a court reporters office within the Second Judicial District Court and was notified of the error on January 30, 2013 and February 5, 2013. (Doc. 15-1 at 30, 47). Mr. Walsh also filed with the Second Judicial District Court a Motion for leave to file a late pro se notice of appeal on February 15, 2013. (Id. at 61-68). However, there is nothing in the record indicating an actual or attempted filing in December 2013. An application is considered "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," which includes filing the proper form of document within the time limits upon delivery in the proper court and office, and paying the requisite filing fee. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The record reflects that these requisites were met on August 14, 2014, but not before that date.

Mr. Walsh asserts what may be interpreted as an ineffective assistance of counsel claim in Claim 2. However, because there is no "federal constitutional right to counsel in collateral proceedings," the inability to obtain legal assistance or the provision of ineffective legal assistance "is simply not an extraordinary circumstance that might warrant equitable tolling." *Weibly v. Kaiser*, 50 F. App'x 399, 402-03 (10th Cir. 2002) (rejecting the petitioner's argument that the doctrine of equitable tolling was applicable to the petitioner's § 2254 petition because "his attorney 'jumped ship'") (unpublished) [2]; *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (holding that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing" and that delays caused by the prison legal access program "does not relieve [petitioner] from the personal responsibility of complying with the law"); *Fogle v. Estep*, 220 F. App'x 814, 817 (10th Cir. 2007) (noting that the ineffective assistance of post-conviction counsel does not entitle a petitioner to equitable tolling) (unpublished). In any event, Mr. Walsh was previously appointed post-conviction counsel on March 8, 2013, and again on December 11, 2015,[3] and has himself made many *pro se* filings in both state and federal court. Mr. Walsh's claims of ineffective assistance of his trial counsel and any other claim that he did not receive adequate representation in his post-conviction proceedings simply do not amount to extraordinary circumstances to support equitable tolling.

Even if extraordinary circumstances existed, Mr. Walsh has failed to articulate sufficient specific facts in his Motion, indicating that he has been pursuing his rights diligently during the period of delay. *See Mack v. Falk*, 509 F. App'x 756, 760 (10th Cir. 2013) (holding that the

---

[2] Unpublished decisions are not binding precedent in the Tenth Circuit, but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

[3] While the state court appointed Mr. Walsh post-conviction counsel twice, he was instructed at least twice to submit an application to the Public Defender's Office in order to obtain representation, (Doc. 15-1 at 18, 85) which he apparently did not do.

petitioner had failed to establish that he acted with due diligence because he "provided the district court with no indication as to how frequently he attempted to communicate with [his attorney], nor did he articulate the timing, frequency, or types of assurances he received that predicated his own inaction") (unpublished). Mr. Walsh's initial state appeal was dismissed for his failure to diligently file a docketing statement and he failed to challenge the March 2013 dismissal. Mr. Walsh filed his state habeas petition in August 2014, a year and a half after the Court of Appeals' dismissal. He did not challenge the district court's summary dismissal or otherwise pursue his rights[4] asserted within his § 2254 Motion until he filed the instant Motion in this Court, two years later. He was not diligent in pursuing his rights during the period of delay, and the doctrine of equitable tolling does not excuse Mr. Walsh's late filing here.

## V. CONCLUSION

For the forgoing reasons, the Court RECOMMENDS that Mr. Walsh's untimely Petition be DISMISSED WITH PREJUDICE.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

[4] Mr. Walsh also successfully moved on September 16, 2015, to amend his judgment to correct a typographical error in the sentence, improperly reflecting the term of incarceration of 12 years 5 months rather than 12 years 0 months. (Doc. 15-1 at 82.) His request to amend his judgment due to a typographical error differs fundamentally from his constitutional challenges to his judgment and does not show active diligence in pursuing judicial remedies before the expiration of the limitations period more than one year earlier.